IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-11367
_____


UNITED STATES OF AMERICA,

                Plaintiff-Appellee,

-vs-

CHARITY JEANETT NORTON and HARUNA WALE ADEPEGBA,
a/k/a WALLY ADE,

                Defendants-Appellants.

        _____


        Appeal from the United States District Court
            For the Northern District of Texas
                    (4:96-CR-041)


        _____
                      July 9, 1997

Before WIENER and PARKER, Circuit Judges, and LITTLE, District
Judge.[*]

LITTLE, District Judge:[**]

        In this direct criminal appeal, Defendants-Appellants

Charity Jeanett Norton and Haruna Wale Adepegba, also known as

Wally Ade, seek reversal of their jury trial convictions and

their sentences.  Norton asserts that her convictions under 18

_____

        [*] Chief District Judge of the Western District of Louisiana, sitting by
designation.

        [**]Pursuant to 5TH CIR. R.  47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 1001 and 18 U.S.C. § 1542 violate double jeopardy, that the district court applied the incorrect sentencing guideline, and that the court erred in refusing to make a downward adjustment for lack of profit motive. Adepegba argues that the evidence is insufficient to support his conviction under 18 U.S.C. § 1001 and that the lower court erred in increasing his sentence for obstruction of justice.

We have carefully considered the record on appeal and the facts and legal arguments advanced by able counsel in their respective briefs to this court. Our review convinces us that the convictions do not subject Norton to double jeopardy, that the evidence is more than sufficient to support Adepegba's conviction, and that the sentences imposed are lawful.

We pause to add an additional comment in regard to Norton's plea for an adjustment to her sentence for lack of profit motive. The burden of establishing a lack of profit motive rests squarely with the defendant. United States v. Cuellar-Flores, 891 F.2d 92, 93 (5th Cir. 1989). Because Norton relied only upon her own testimony at trial, which the court was entitled not to credit, the court did not err in refusing the adjustment.

Consequently, the convictions of Defendants-Appellants and the sentences imposed as a result of those convictions are AFFIRMED.

2